IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Newport News Division



FILED
AUG 17 2011
CLERK, U.S. DISTRICT COURT
NORFOLK, VA

**GWENDOLYN GRANDISON,**

    **Plaintiff,**

v.                                                                                                        **Civil Action No. 4:11cv80**

**FOOD LION, LLC, doing business as
Bottom Dollar Food #2924,
PAM-JOY REALTY, INC., and
ELIZABETH DUKE**

    **Defendants.**

## OPINION AND ORDER

In the instant action, Plaintiff Gwendolyn Grandison ("Plaintiff") seeks to sue Defendants Food Lion, LLC, Pam-Joy Realty, Inc., and Elizabeth Duke ("Defendants") for injuries she allegedly sustained while in a grocery store. This matter is currently before the Court on Plaintiff's Motion to Remand. For the reasons set forth below, the Court grants Plaintiff's Motion.

I. Factual and Procedural Background

On April 18, 2011, Plaintiff filed her Complaint against Defendants in the Circuit Court for the City of Newport News. The Complaint alleged that Plaintiff sustained serious and permanent injuries after slipping and falling on ice and water in Bottom Dollar Food store #2924, and that this incident was a direct and proximate result of Defendants' negligence and carelessness.

On April 21, 2011, Defendant Pam-Joy Realty, Inc., ("Pam-Joy") filed its Answer to Plaintiff's Complaint in Newport News Circuit Court. On May 4, 2011, Defendants Food Lion, LLC, ("Food Lion") and Elizabeth Duke ("Duke") filed their Answer in Newport News Circuit Court. On May 12, 2011, pursuant to 28 U.S.C. §§ 1441 and 1446, Defendants Food Lion, LLC, and Elizabeth Duke filed their Notice of Removal with this Court. In this Notice, Food Lion and Duke stated that "Pam-Joy Realty, Inc. consents to this Removal." On May 16, 2011, it appears that Defendant Pam-Joy attempted to file a Notice of Consent to Removal by presenting a paper copy of the Notice at the District Court Clerk's Office at Newport News, Virginia. However, a copy of this Notice was never electronically filed with the Court via the Electronic Case Filing system as required by the Local Rules of this Court.

On June 10, 2011, Plaintiff filed a Motion to Remand to State Court. Defendants Food Lion and Duke responded to this Motion on June 21, 2011, and Plaintiff replied to Defendant's Response on June 27, 2011. The matter is therefore ripe for adjudication.

II.  Analysis

28 U.S.C. § 1441(a) provides that "any civil action brought in a State court of which the district courts of the United States have original jurisdiction, may be removed by the defendant or the defendants . . . ." 28 U.S.C. § 1446(a) requires that "A defendant or defendants desiring to remove any civil action . . . from a State court shall file in the district court of the United States for the district and division within which such action is pending a notice of removal . . . ." If the case involves multiple defendants, the "rule of unanimity" requires each of them to join in the removal in compliance with the procedural requirements of 28 U.S.C. § 1446. Guyon v. Basso, 403 F.Supp.2d 502, 505 (E.D.Va. 2005) (citing Creekmore v. Food Lion, Inc., 797 F.Supp. 505, 508

(E.D.Va. 1992)). This requirement prevents a plaintiff from having to confront multiple defendants in separate actions in different forums. Id. If any defendant fails to comply with the procedural requirements for removal, the case may be remanded to state court. Id. (citing Creekmore, 797 F.Supp. at 508.)

The filing requirements contained in 28 U.S.C. § 1446 are mandatory. Therefore, there is no federal jurisdiction when a defendant fails to join in, file his own, or officially and unambiguously consent to, a removal petition within 30 days of service. Wilkins v. Correctional Medical System, 1991 WL 68791, at *2 (4th Cir. May 3, 1991). Although Defendant Food Lion and Duke's Notice of Removal stated that Defendant Pam-Joy consented to the removal, such representations do not satisfy the requirements of 28 U.S.C. § 1446. Rather, "the statute requires all defendants, individually, or through their counsel, to voice their consent before the court, not through another party's attorney." Creekmore, 797 F.Supp. at 509.

In their response in opposition to Plaintiff's Motion to Remand, Defendants assert that "Pam-Joy Realty, Inc., unambiguously and affirmatively joined in Defendants' Notice of Removal when Pam-Joy Realty, Inc., filed its Notice of Consent to Removal on May 16, 2011." As evidence of this, Defendants have attached a time-stamped copy of Pam-Joy's Notice of Consent to Removal to their response. While it appears that Pam-Joy's Notice of Consent was indeed time-stamped as "received" by the District Court Clerk's Office at Newport News, Virginia, Pam-Joy never actually filed the Notice with this Court.

Local Civil Rule 1 of this Court dictates that "all documents filed with the Court must be filed through the Electronic Case Filing (ECF) System, except as provided otherwise in the Court's Electronic Case Filing Policies and Procedures manual . . . ." Exceptions to this requirement are made only for initiating documents, consent orders, pro se documents, and a handful of other

specific categories. Apart from these clearly delineated exceptions, all motions, notices, memoranda, and other documents must be filed using ECF. This policy has been in effect since March 26, 2007, and is common knowledge to all admitted attorneys who practice in this Court. The circumstances under which Defendant Pam-Joy's Notice was time-stamped as "received" are unclear. However, it is plain that Pam-Joy never filed the notice via ECF in accordance with the published Local Rules of this Court.

Despite what may sometimes appear to be procedurally harsh results, removal statues are strictly construed because the removal of cases from state courts has significant implications for federalism. See Shamrock Oil & Gas Corp. v. Sheets, 313 U.S. 100, 108-109, 61 S.Ct. 868, 85 L.Ed. 1214 (1941); Mulcahey v. Columbia Organic Chems. Co., Inc., 29 F.3d 148, 151 (4th Cir. 1994). Any doubt regarding the appropriateness of removal should be resolved in favor of remand. Dixon v. Coburg Dairy, Inc., 369 F.3d 811, 816 (4th Cir. 2004). In this case, because Defendant Pam-Joy failed to file its Notice, neither the Plaintiff nor the Court was aware that Defendant Pam-Joy intended to consent to removal. Because there was no "official and unambiguous" consent to removal within 30 days of Defendant Pam-Joy being served with the Complaint, Defendants cannot establish the unanimity of consent required by 28 U.S.C. § 1446(a). Plaintiff's Motion for Remand must therefore be granted.

For the reasons set forth above, the Court hereby **GRANTS** Plaintiff's Motion to Remand. This case is hereby **REMANDED** to the Circuit Court of the City of Newport News, Virginia.

The Clerk is **DIRECTED** to send a copy of this Order to all Counsel of Record.

**IT IS SO ORDERED.**

/s/
Robert G. Doumar
Senior United States District Judge
UNITED STATES DISTRICT JUDGE

Newport News, Virginia
August 16, 2010